**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Daniel Galanaugh, Jr.<br>Christina Galanaugh.<br>          Debtors<br><br>U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>          Movant<br><br>          vs.<br><br>Daniel Galanaugh, Jr.<br>Christina Galanaugh<br>          Debtors | BK NO. 16-17743 MDC<br><br>Chapter 13<br><br>Related to Document No. 20<br><br>Hearing Date: 06/01/17 |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) TO CONFIRMATION OF CHAPTER 13 PLAN**

U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) (hereinafter "Secured Creditor"), through its undersigned counsel, objects to confirmation of the Debtors' Chapter 13 plan and asserts in support of its Objection as follows:

1. On April 18, 2017, the Debtors filed a Proof of Claim on behalf of Secured Creditor in the above-referenced case, which sets forth a secured claim in the amount of $167,943.00, secured by a lien against Debtors' real estate, and which asserts that the amount necessary to cure the pre-petition default is $20,679.00 (the claim lists Secured Creditor as "PA Housing Finance Agency").

2. The collateral securing the claim, though not listed in the proof of claim, is Debtors' principal residence at 12484 Sweet Briar Road, Philadelphia, PA 19154.

3. On April 18, 2017, the Debtors filed an Amended Chapter 13 Plan (hereinafter "Plan"), the Debtors' most current plan, which provides that the Debtors shall make ongoing regular monthly payments directly to Secured Creditor per the loan agreement, and which proposes to cure the default on the loan by means of monthly Trustee plan payments.

4. Debtors' Plan asserts that the amount of default to be cured is $20,679.00. (This figure matches the amount in the proof of claim filed by the Debtor on behalf of Secured Creditor.)

5. The actual amount necessary to cure the default on the mortgage loan is $30,142.72. Thus, Debtors' Plan understates the amount necessary to cure the pre-petition default on the mortgage loan with Secured Creditor by $9,463.72. (It also understates the total amount of the claim.)

6. Debtors' Plan is not feasible as it does not provide sufficient funding to cure the default on the mortgage loan on Debtors' principal residence including present value interest, and/or the Plan does not fully compensate the Secured Creditor for the full value of its claim.

7. Debtors' Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

8. Furthermore, the Plan cannot be confirmed because Debtors are delinquent in plan payments to the Chapter 13 Trustee in the amount of $413.00.

   WHEREFORE, Secured Creditor, U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY), prays that the Court deny confirmation of the Debtors' Chapter 13 Plan.

Date: May 12, 2017

Respectfully submitted,

By: */s/ Matteo S. Weiner, Esquire*
Matteo S. Weiner, Esquire
KML Law Group, P.C.
mweiner@kmllawgroup.com
701 Market Street, Suite 5000
Philadelphia, PA  19106
215-627-1322
Attorneys for Movant/Applicant