United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Daniel Galanaugh, Jr.  
Christina Galanaugh  
      Debtors

Case No. 16-17743-mdc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Oct 18, 2017  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2017.  
db/jdb      +Daniel Galanaugh, Jr.,    Christina Galanaugh,    12484 Sweet Briar Road,    Philadelphia, PA 19154-1318

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                               TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2017                                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2017 at the address(es) listed below:  
        BRAD J. SADEK    on behalf of Debtor Daniel  Galanaugh, Jr. brad@sadeklaw.com  
        BRAD J. SADEK    on behalf of Joint Debtor Christina  Galanaugh brad@sadeklaw.com  
        LEON P. HALLER    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION ( TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com  
        MATTEO SAMUEL WEINER    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION ( TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com  
                                                                                                              TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: Daniel Galanaugh, Jr.<br>Christina Galanaugh<br>    Debtors<br><br>U.S. BANK NATIONAL ASSOCIATION<br>(TRUSTEE FOR THE PENNSYLVANIA<br>HOUSING FINANCE AGENCY)<br>    Movant<br>vs.<br><br>Daniel Galanaugh, Jr.<br>Christina Galanaugh<br>    Debtors<br><br>William C. Miller<br>    Trustee | CHAPTER 13<br><br><br>NO. 16-17743 MDC<br><br><br><br><br>11 U.S.C. Section 362 |
|---|---|

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence referenced in Movant's motion for relief is **$13,912.03**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | December 2016 through September 2017 in the amount of $1,256.00/month |
| Late Charges: | $35.67 per month from December 2016 through August 2017 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$13,912.03** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

   a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtors shall file an Amended Chapter 13 Plan that provides for payment of the post-petition arrears of **$13,912.03** through the Plan, together with the pre-petition arrears;

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,912.03** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2017 and continuing thereafter, Debtors shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $1,256.00 (or as adjusted under the terms of the mortgage), which payments are due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed form of order filed with Movant's Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  August 30, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 9/5/17

Brad J. Sadek
Attorney for Debtors

Case No. 16-17743 MDC　　　　　　　　　Stipulation　　　　　　　　　　　Page 3 of 3

Date: 9/12/17

William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved by the Court this __18th__ day of _____October_____, 2017. However, the court retains discretion regarding entry of any further order.

_Magdeline D. Coleman_

Bankruptcy Judge
Magdeline D. Coleman

Kim Ayala
PENNSYLVANIA HOUSING FINANCE AGENCY
211 North Front Street
PO BOX 15057
Harrisburg, PA 17101